Filed 7/9/24  In re J.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | C099767 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.S.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD239939) |

Appellant is the father of minor J.S.  Father appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father contends that the initial inquiry under the Indian Child

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Welfare Act (ICWA) by the Sacramento County Department of Child, Family and Adult Services (Department) was insufficient because the Department failed to contact known relatives to inquire whether they knew of possible Native American ancestry. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department does not dispute that further ICWA compliance is warranted. We agree.

BACKGROUND

On February 26, 2021, the Department filed a nondetaining petition alleging that minor came within the provision of section 300, subdivision (b)(1), failure to protect. The Department asked father as well as minor's mother, A.V., about possible Native American ancestry. Father provided a Parental Notification of Indian Status (ICWA-020) form, denying any such ancestry. Mother provided the form with respect to a half sibling of minor, also denying Native American heritage. At the detention hearing, the juvenile court inquired of both parents regarding possible Native American ancestry, which they denied. The court then found that there was no reason to believe that minor was an Indian child within the meaning of the ICWA.

Minor was released to mother following the initial detention hearing. After a subsequent referral, minor was placed into protective custody. The Department filed a supplemental petition regarding minor under section 387.

Over the course of the dependency case, the Department did not make any inquiry of extended maternal or paternal relatives about any potential Native American heritage, including a number of relatives that the Department knew of and referenced in its reports. At the contested selection and implementation hearing held pursuant to section 366.26, the court terminated parental rights as to mother and father.

Father and mother each filed a timely notice of appeal. Mother subsequently failed to file an opening brief, and her appeal was dismissed.

DISCUSSION

The ICWA defines an "Indian child" as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty to inquire whether a child subject to dependency proceedings is, or may be, an Indian child. (§ 224.2, subd. (a).) "First, from the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id*., subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Father contends that the Department failed to conduct an adequate initial inquiry into whether J.S. has Native American heritage. He argues that section 224.2, subdivision (b) required the Department to inquire with members of J.S.'s extended family. That provision states: "If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307, the county welfare department or county probation department

3

has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled."

In *In re C.L.* (2023) 96 Cal.App.5th 377, this court construed section 224.2, subdivision (b) to require child welfare agencies to contact extended family members in cases, like here, where the minor is taken into protective custody. (*Id.* at p. 386; see also *In re Delila D.* (2023) 93 Cal.App.5th 953, 972-973 [holding that the child welfare agency's duty of inquiry under § 224.2, subd. (b) is the same regardless of how the minor was removed from the home].) Other courts have read the statute more narrowly (*In re C.L.*, at pp. 386-391), and the issue is currently being considered by our state high court. (*In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572.) We need not address the scope of the statute in this case, however, because the Department does not dispute father's claim. To the contrary, it concedes that the record does not include all known heritage information or inquiry of known extended family. In light of that concession and our court's precedent in *In re C.L.*, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and related California law (§§ 224-224.6) and for entry of new findings regarding the applicability of the ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed for both parents, subject only to full compliance with the ICWA and related California law, as described in this opinion.  If, on remand, the juvenile court determines that minor is an Indian child within the meaning of the ICWA, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)


                                              /s/
                                              Feinberg, J.



We concur:



 /s/
Mauro, Acting P. J.



 /s/
Renner, J.